NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civil Action No.: 12-07134 (CCC) |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **$193,692.39 IN UNITED STATES CURRENCY; and ONE 2008 GMC SIERRA, VIN: 1GTHK23698F141912** | |
| **Defendants** *in rem.* | |

**CECCHI, District Judge.**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike the Claim and Answer, pursuant to Supplemental Rule G(8)(c)(i), for Claimant's failure to comply with Supplemental Rule G(5) for Asset Forfeiture Actions *In Rem*. (ECF No. 13). The Court has considered the parties' submissions. For the reasons set forth below, the Court will allow Claimant forty-five (45) days to file an amended Claim and Answer.

## I.   BACKGROUND[1]

On March 30, 2012, Passaic County, New Jersey law enforcement officers arrested Claimant Carlos Montano ("Claimant") on suspicion of distribution of narcotics. (Compl. at ¶ 13, ECF No. 1). Law enforcement officers searched the GMC Sierra at issue pursuant to a search

_____

[1] The Court notes that because the submission of Claimant's Answer is at issue, alleged facts are taken only from Plaintiff's pleading and briefs and are used solely for the purposes of providing background information.

warrant. (Compl. at ¶ 14).  During the search of the vehicle, law enforcement officers found bank records in the vehicle that referenced a particular account at Bank of America. (Id.)  The Honorable Marilyn C. Clark, New Jersey State Superior Court Judge in Passaic County, issued a seizure order for the contents of the Bank of America account. (Compl. at ¶ 15).  As a result of Judge Clark's order, a total of $193,893.24 in United States currency was seized from the bank account. (Compl. at ¶ 16).  On January 10, 2014, a New Jersey State Court sentenced Claimant to a maximum of five years in prison for conspiracy to manufacture and distribute a controlled substance. (Pl.'s Br. in Supp. at 2-3, ECF No. 13).

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983 et seq., the United States Drug Enforcement Agency (the "DEA") adopted the seized currency and GMC Sierra for the commencement of administrative forfeiture proceedings. (Compl. at ¶ 16). The DEA sent a Notice of Seizure by certified mail, return receipt requested to Claimant's address. On or about August 20, 2012, the DEA received an administrative claim from Claimant through his counsel Frank J. Sciro, Esq. (Compl. at ¶ 20).  As a result of Claimant's objection to the administrative forfeiture, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") in the instant action on November 16, 2012. (ECF No. 1).  On November 19, 2012, the United States filed a Warrant for Arrest *In Rem*. (ECF No. 2).  The United States also filed the Notice of Forfeiture on December 12, 2012 and served the same certified mail, return receipt requested on Frank J. Sciro, Esq. in his capacity as counsel for Claimant. (ECF No. 3).

On January 11, 2013, Frank J. Sciro, Esq. ("Mr. Sciro") filed a document in the instant action entitled "Conforming Claim" (the "Claim") as well as an Answer. (ECF Nos. 4, 5).  Plaintiff now moves to strike the Claim and Answer for failure to comply with Supplemental Rule G(5), arguing primarily that Claimant's failure to comply with the rule deprives Claimant of standing,

which subsequently deprives this Court of jurisdiction. (Pl.'s Br. in Supp.).

## II.   <u>LEGAL STANDARD</u>

The issue of standing in federal courts is jurisdictional and not subject to waiver. <u>See generally</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996). Standing is also open to review at every stage of litigation and the Court may raise the issue *sua sponte*. <u>See generally</u> <u>Nat'l Org. of Women v. Scheidler</u>, 510 U.S. 249 (1994); <u>see also</u> <u>U.S. v. $8,221,877.16 in U.S. Currency</u>, 330 F.3d 141, 150 n. 9 (3d Cir. 2003). To stand before a district court and contest a forfeiture, a claimant must meet both statutory and Article III standing requirements. <u>U.S. v. $487,825.000 in U.S. Currency</u>, 484 F.3d 662, 664 (3d Cir. 2007), <u>as amended (May 14, 2007)</u>. Statutory standing in a forfeiture proceeding refers to the filing requirements in 18 U.S.C. § 983(a)(3)-(4) and the corresponding Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). <u>See</u> <u>U.S. v. $39,557.00, More or Less, in U.S. Currency</u>, 683 F. Supp. 2d 335, 338 (D.N.J. 2010). "Statutory standing is a threshold issue that determines whether a party is properly before the court." <u>U.S. v. $8,221,877.16 in U.S. Currency</u>, 330 F.3d 141, 150, n. 9 (3d Cir. 2003). Should the court find that a claimant has statutory standing, the next inquiry is whether the claimant has perfected Article III standing. <u>Id.</u>

To perfect statutory standing in a forfeiture action, a potential claimant must comply with both the statutory and procedural requirements proscribed in 18 U.S.C. § 983(a)(4)(A) and the corresponding Supplemental Rules. In relevant part, 18 U.S.C. § 983(a)(4)(A) states:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the [Supplemental Rules], except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days

3

after the date of final publication of notice of the filing of the complaint..

Supplemental Rule G(5)(a)(i) states:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) *be signed by the claimant under penalty of perjury*; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(*emphasis added*).

The Third Circuit and the District of New Jersey have held that, in a forfeiture case where a potential claimant fails to comply with the statutory requirements, a district court has the discretion to strike the claim. See, e.g. U.S. v. $487,825 in U.S. Currency, 484 F.3d 662, 665-66 (3d Cir. 2007) (holding the district court did not abuse its discretion by granting a default judgment to the Government because the claimant did not meet the statutory requirements); see also United States v. $140,000.00 in U.S. Currency, No. 09-cv-3516, 2010 WL 1704966, at *3 (D.N.J. Apr. 26, 2010) (striking a potential claimant's claim because it was both untimely and deficient in content). In $487,825, the Third Circuit emphasized that "[t]he most significant requirement is that the claimant must timely file a verified [claim]" adhering to the requirements of the Supplemental Rule. 484 F.3d at 664. This requirement, the court emphasized, "is no mere procedural technicality" and "forfeiture claimants must strictly adhere to the filing requirements to perfect standing." Id. at 665 (internal quotations omitted).

## III.   **DISCUSSION**

Plaintiff argues that Claimant failed to file a claim that conforms to the Supplemental Rules because Claimant's submission, (ECF No. 4), was signed by his attorney, Mr. Sciro, and not Claimant himself as required by Supplemental Rule G(5)(a)(i)(C). (Pl.'s Br. in Supp. at 14). For

4

support, Plaintiff cites to a Sixth Circuit case affirming the district court's decision to uphold the administrative forfeiture because, in part, the potential claimant's purported "claim" was written and signed by an attorney and not "by a person with personal knowledge of the facts alleged therein." (Pl.'s Br. in Supp. at 13 (quoting In re Seizure of $143,265.78 from Checking Account No. 1851349546 & $28,687.40 from Checking Account No. 1080022185, 384 F. App'x 471, 475 (6th Cir. 2010)). Plaintiff does not cite to any authority mandating striking of a claim for failure to comply with the Supplemental Rules. Instead, the Third Circuit has held that it is within the district court's discretion to strike a claim for failure to comply with the Supplemental Rules. See, e.g. $487,825.00, F.3d at 665.

In response submitted via Certification by Claimant's attorney, Mr. Sciro concedes Claimant did not sign the Claim as required by Supplemental Rule G(5)(a)(i)(C) (Clmt. Opp. at ¶ 6, ECF No. 15). Mr. Sciro does not argue that the submitted Claim conforms to the applicable statute and rules as discussed above. (Id.) Furthermore, Mr. Sciro does not address whether this Court has the discretion to grant Plaintiff's motion in light of the Claim's deficiencies. (Id.) Instead, Mr. Sciro appears to argue that Claimant had good cause to file a non-conforming Claim. Mr. Sciro certifies that prior to filing the Claim, Mr. Sciro had been unable to locate or contact Claimant because Claimant had "traveled out of state" and his whereabouts were unknown. (Id. at ¶ 4).

The Court finds that while Claimant failed to comply with the Supplemental Rules, the circumstances of this case are not so egregious so as to warrant striking the Claim and Answer. See, e.g. U.S. v. $39,557.00, More or Less, in U.S. Currency, No. 07-cv-00449 (D.N.J. Dec. 10, 2007) (order denying Government's motion to strike potential claimant's untimely claim). Mr. Sciro's Certification on behalf of Claimant—indicating Claimant was unavailable to sign the

Claim—shows good cause for Claimant's inability to comply with the Supplemental Rules at the time.  Furthermore, Mr. Sciro exercised his judgment as an attorney to file the Claim with the Court before the deadline passed in an attempt to prevent prejudice to his client.  See U.S. v. U.S. Currency in the Amount of $103,387.27, 863 F.2d 555, 561-62 (7th Cir. 1988) ("[A]mendments should be liberally permitted to add verifications to claims originally lacking them").

Plaintiff has also not shown that allowing Claimant a short and finite opportunity to amend his Claim and Answer would prejudice Plaintiff. See U.S. v. $125,938.62, 370 F.3d 1325, 1329-30 (11th Cir. 2004) (stating risk of prejudice to the Government is a factor in determining whether to allow an amended claim).  The Court recognizes the potential for false and opportunistic claims inherent in asset forfeiture cases, see $487,825.00, F.3d at 664-65, and has determined that the interests of justice and judicial economy warrant granting Claimant time to amend his Claim and Answer.

**WHEREAS** it appears that Claimant did not file a Claim and Answer that conform with all relevant statutes and rules; and

**WHEREAS** it appears that Claimant's attorney, Mr. Sciro, has demonstrated good cause as to why the submissions were non-conforming; and

**WHEREAS** the Court finds that the interests of judicial economy would be served by allowing Claimant thirty (30) days to file an amended Claim and Answer;

**IT IS** on this 17th day of December, 2014

**ORDERED THAT**

1. By January 20, 2015, Claimant shall file with this Court a Claim and Answer that conform to all applicable statutes and rules.

2. By January 20, 2015, Claimant shall serve Plaintiff the above mentioned Claim

and Answer in accordance with all applicable statutes and rules.

3.  In light of the Court allowing Claimant to refile his Claim and Answer, Plaintiff's Motion to Strike (ECF No. 13) is hereby administratively terminated, without prejudice, to allow Claimant time to comply with this Order.

**SO ORDERED**.


_____
**CLAIRE C. CECCHI, U.S.D.J.**